Alan Harris (SBN 146079)
David Garrett (SBN 160274)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004
harrisa@harrisandruble.com
dgarrett@harrisandruble.com
mgal@harrisandruble.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. EDNIE AND A. FLORES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEFT RIGHT, LLC, a Delaware Limited Liability Company, BANKS TARVER, an individual, KEN DRUCKERMAN, an individual, and DOE ONE through and including DOE TEN,<br><br>Defendants. | Case No:<br><br>**COMPLAINT** [*Class Action, PAGA Representative Law Enforcement Action and FLSA Collective Action*]<br><br>1. Section 203 of the California Labor Code, Continuing Wages<br><br>2. Section 226(a) of the California Labor Code, Failure to Provide Accurate Wage Statements.<br><br>3. Sections 510 and 1194 of the California Labor Code, Failure to Pay Overtime and Minimum Wage<br><br>4. California Labor Code § 2698 *et seq.* PAGA Civil Penalties<br><br>5. Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*<br><br>6. Cal. Bus. & Prof Code, 17200 et seq.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff D. Ednie and A. Flores ("Plaintiffs") by and through their undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.      This is a collective and class action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and Rule 23 of the Federal Rules of Civil Procedure, seeking relief under state and federal law on account of unpaid wages, unpaid overtime, damages, continuing wages, liquidated damages, penalties, restitution and attorneys' fees and costs.  This Court may have supplemental and/or ancillary jurisdiction with respect to the state law claims alleged herein.  Venue is proper in this Central District of California since a substantial part of the events or omissions giving rise to the claims occurred in this District.  Defendants, maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process.  The violations of the Fair Labor Standards Act alleged herein had a direct effect on and were committed within the Central District of California, impacting Plaintiffs and the Aggrieved Employees.

## INTRODUCTION

2.      Plaintiff D. Ednie ("Ednie") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

3.      Plaintiff A. Flores ("Flores") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

4.      Defendant Left Right, LLC ("Left Right") is a Delaware Limited Liability Company, which at all times relevant herein, conducted business within the County of Los Angeles, State of California.  Left Right employed Ednie and Flores for the production History of Science Fiction - LR (the "Production").

5.      Defendant Banks Tarver ("Tarver") is an individual who is the co-president

of Left Right, LLC that conducted business within the Central District of the State of California.

6.     Defendant Ken Druckerman ("Druckerman") is an individual who is the co-president of Left Right, LLC that conducted business within the Central District of the State of California.

7.     Plaintiffs are unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously named Defendants DOES 1 through 10, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained. Plaintiffs are informed, believes and thereupon alleges that each of the fictitiously named defendants is an entity, which during the relevant time period maintained a place of business in the County of Los Angeles, State of California.

8.     Plaintiffs are informed and believes and thereon alleges that, at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, and/or joint ventures of their co-Defendants as aforesaid, when acting as a principal, was negligent and reckless in the selection and hiring of each and every other Defendants as an agent, servant, employee, corporate officer, and/or joint venture, and that each and every Defendant ratified the acts of its co-Defendants.

## GENERAL ALLEGATIONS

9.     This is a civil action and law enforcement action under the California Labor Code Private Attorneys General Act ("PAGA") seeking unpaid wages, continuing wages, damages, civil penalties, statutory penalties and attorneys' fees and costs.

10.     Pursuant to the Federal Rule of Civil Procedure 23, Plaintiffs bring this case individually and as a class action seeking unpaid wages, continuing wages, damages, civil penalties, statutory penalties and attorneys' fees and costs.

11.     See attached as **Exhibit 1**, Plaintiff Ednie's wage statements.

12.     Defendants employed Ednie as a crewmember on the Production on or about July 5, 2017 to July 6, 2017. Defendants employed Ednie on the Production without

paying his wages for his work on or about July 5 until a check was made out on July 21, 2017. **See Ex. 1 – 001**. Ednie's wages for his work on or about July 6 were not paid until a check was made out on September 8, 2017. **See Ex. 1 – 002**. In addition, Ednie has not been paid proper overtime, doubletime, and/or premium wages.

13.    Defendants employed Flores as a crewmember on the Production from on er about May 15 to July 14, 2017.  Defendants were routinely late in payment of Flores' wages and did not pay him proper overtime, doubletime, and/or premium wages. See attached as **Exhibit 2**, Plaintiff Flores wage statements.

14.    Plaintiffs' wage statements failed to list the required information including the name and address of the employer.

15.    Upon information and belief, other individuals employed by Defendants("Aggrieved Employees"), were not timely paid, not paid proper overtime, doubletime, and/or premium wages, and were not provided proper wage statements.

16.    At all relevant times mentioned herein, section 201.5 of the California Labor Code controlled final payment of wages to certain employees in the motion picture industry.  In no event should Plaintiffs or employees who worked for Defendants have been paid later than the time periods established by section 201.5 of the Labor Code.

17.    At all times relevant herein, section 201.5 of the California Labor Code provided in part:

(a) For purposes of this section, the following definitions apply:

(1) "An employee engaged in the production or broadcasting of motion pictures" means an employee to whom both of the following apply:

(A) The employee's job duties relate to or support the production or broadcasting of motion pictures or the facilities or equipment used in the production or broadcasting of motion pictures.

(B) The employee is hired for a period of limited duration to render services relating to or supporting a particular motion picture production or

broadcasting project, or is hired on the basis of one or more daily or weekly calls.

(2) "Daily or weekly call" means an employment that, by its terms, will expire at the conclusion of one day or one week, unless renewed.

(3) "Next regular payday" means the day designated by the employer, pursuant to Section 204, for payment of wages earned during the payroll period in which the termination occurs.

(4) "Production or broadcasting of motion pictures" means the development, creation, presentation, or broadcasting of theatrical or televised motion pictures, television programs, commercial advertisements, music videos, or any other moving images, including, but not limited to, productions made for entertainment, commercial, religious, or educational purposes, whether these productions are presented by means of film, tape, live broadcast, cable, satellite transmission, Web cast, or any other technology that is now in use or may be adopted in the future.

(b) An employee engaged in the production or broadcasting of motion pictures whose employment terminates is entitled to receive payment of the wages earned and unpaid at the time of the termination **by the next regular payday**.

(c) The payment of wages to employees covered by this section may be mailed to the employee or made available to the employee at a location specified by the employer in the county where the employee was hired or performed labor. The payment shall be deemed to have been made on the date that the employee's wages are mailed to the employee or made available to the employee at the location specified by the employer, whichever is earlier.

(d) For purposes of this section, an employment terminates when the employment relationship ends, whether by discharge, lay off, resignation, completion of employment for a specified term, or otherwise.

(e) Nothing in this section prohibits the parties to a valid collective bargaining agreement from establishing alternative provisions for final payment of wages to employees covered by this section if those provisions do not exceed the time limitation established in Section 204.

Cal. Lab. Code § 201.5.

18.    At all relevant times mentioned herein, section 203 of the California Labor Code provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

19.    At all times relevant herein, section 204 of the California Labor Code provided in part:

All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204(a).

20.    At all times relevant herein, section 210 of the California Labor Code provided:

In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

21.    At all relevant times mentioned herein, section 510(a) of the California Labor Code provided:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:  (1) An alternative workweek schedule adopted

1    pursuant to Section 511.  (2) An alternative workweek schedule adopted

2    pursuant to a collective bargaining agreement pursuant to Section 514.

3    Cal. Lab. Code § 510.

4        22.    At all relevant times mentioned herein, section 1194 of the California Labor

5    Code provided:

6        Notwithstanding any agreement to work for a lesser wage, any employee

7        receiving less than the legal minimum wage or the legal overtime

8        compensation applicable to the employee is entitled to recover in a civil

9        action the unpaid balance of the full amount of this minimum wage or

10       overtime compensation, including interest thereon, reasonable attorney's

11       fees, and costs of suit.

12   Cal. Lab. Code § 1194.

13                        **CLASS-ACTION ALLEGATIONS**

14       23.    Plaintiffs bring claims one through three and six alleged below pursuant to

15   Rule 23 of the Federal Rules of Civil Procedure.  Rule 23 provides:

16       (a) Prerequisites.  One or more members of a class may sue or be sued

17       as representative parties on behalf of all members only if:  (1) the class is so

18       numerous that joinder of all members is impracticable; (2) there are

19       questions of law or fact common to the class; (3) the claims or defenses of

20       the representative parties are typical of the claims or defenses of the class;

21       and (4) the representative parties will fairly and adequately protect the

22       interests of the class.

23       (b) Types of Class Actions.  A class action may be maintained if Rule

24       23(a) is satisfied and if:  . . . (3) the court finds that the questions of law or

25       fact common to class members predominate over any questions affecting

26       only individual members, and that a class action is superior to other

27       available methods for fairly and efficiently adjudicating the controversy.

28

Fed. R. Civ. P. 23.  Pursuant to subdivisions (a) and (b)(3) of Rule 23, Plaintiffs seek to represent a Class consisting (hereafter referred to as the "Class") of all persons who were issued a wage statement by or on behalf of Defendant Left Right LLC on account of services performed in California during the period beginning no earlier than four years prior to the filing hereof to the mailing of class notice (such persons are referred to hereafter as "Class Members." Such period is referred to hereafter as the "Class Period"). Accordingly, Plaintiffs and each Class Member are entitled to payment of his or her unpaid minimum wage, liquidated damages thereon, unpaid overtime, continuing wages, penalties, restitution of monies improperly paid to the State of New York and interest. **See Ex. 1 – 002**.

24.    Defendant Left Right, as to Plaintiffs and each Class Member, also failed to accurately provide the data required by section 226(a) of the California Labor Code and, accordingly, Left Right's failure to provide such data entitles each Plaintiff and each Class Member to either actual damages or statutory liquidated damages, whichever is greater.

25.    Defendants' practice of failing to maintain accurate payroll and time-keeping records has damaged Plaintiffs and Class Members, in that they are unable to determine from the wage statements alone the actual payments to which they are legally entitled.

26.    Defendants' failure to make payments within the time provided by sections 201.5 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, Plaintiffs and each Class Member who quit or was discharged and was not paid in accordance with the law are entitled to the continuing wages provided for by section 203 of the California Labor Code.

27.    Defendants also failed to pay Plaintiffs and Class Members their minimum wages, overtime wages and double time wages as required by sections 510 and 1194 of the California Labor Code.

28.     The number of Class Members is believed to be in excess of the number presently required for certification of a class, but fewer than so many as to make this case unmanageable.  It is impractical to join each Class Member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

29.     Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendants are required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

30.     There is a well-defined community of interest in the questions of law and fact common to the Class.  The key questions are the same for each Class Member. These common questions include, but are not limited to, the following:

a.     Whether Left Right failed to provide accurate itemized wage statements to each and every employee.

b.     Whether Left Right failed to maintain accurate time-keeping and payroll records.

c.     Whether Left Right's failure to provide accurate itemized wage statements to each and every employee violates sections 226.

d.     Whether Left Right failed to pay proper minimum wages and/or overtime wages under California Labor Code sections 510 and 1194.

e.     Whether Left Right failed to pay overtime in a timely fashion under California Labor Code sections 201.5, 203 and 204.

f.     Whether Left Right failed to pay all wages in a timely fashion upon each and every employee's discharge from, or resignation of, employment in violation of sections 201, 201.5, and/or 202 of the California Labor Code.

g.     Whether Left Right improperly remitted withholdings to the State of New York rather than the State of California, and if so, whether Class Members are entitled to restitution of such funds, with interest.

31.     There is a well-defined community of interest in the questions of law and fact common to the Class Members.

32.     Plaintiffs' claims are typical of the claims of the Class Members, which claims all arise from the same general operative facts, namely, Defendants did not compensate its employees as required by the California Labor Code and applicable Wage Order.  Plaintiffs have no conflict of interest with the other Class Members and is able to represent the Class Members' interests fairly and adequately.

33.     A class action is a far superior method for the fair and efficient adjudication of this controversy for a number of reasons.  First, the persons within the Class are numerous and joinder of all of them is impractical.  Second, the disposition of all claims of the members of the Class in a class action rather than in individual actions will benefit both the parties and the Court.  In that regard, the claims of each individual member of the Class are too small to litigate individually and the commencement of many separate actions in this Court would lead to an undue burden on scarce judicial resources.  Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code section 98.2, if the individual class members were to succeed in obtaining awards in their favor, such awards may be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court.  Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims and individual class members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual members of the Class.

34.     The interest of each member of the Class in controlling the prosecution of his or her individual claim against Defendants is small when compared with the efficiency of a class action.

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

35.    On October 26, 2017, Plaintiffs gave written notice by certified mail of Defendants' violations of various provisions of the California Labor Code as alleged in the Complaint to the Labor and Workforce Development Agency ("LWDA") and to the Defendants.  See Letter from Alan Harris to the LWDA and Defendants attached hereto as **Exhibit 3.**

36.    At all relevant times mention herein, section 2699.3 of the Califoria Labor Code provided in pertinent part:

(a) A civil action by an Aggrieved Employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

(1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(B) A notice filed with the Labor and Workforce Development Agency pursuant to subparagraph (A) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75). The fees required by this subparagraph are subject to waiver in accordance with the requirements of Sections 68632 and 68633 of the Government Code.

(C) The fees paid pursuant to subparagraph (B) shall be paid into the Labor and Workforce Development Fund and used for the purposes specified in subdivision (j) of Section 2699.

(2) (A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark

date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3.  Here, Sixty Five (65) calendar days of the October 26, 2017, postmark date of the notice sent by Plaintiffs have passed.  Thus, Plaintiffs may "commence a civil action pursuant to Section 2699."  Cal. Lab. Code § 2699.3(a)(2)(A).

37.   Plaintiffs seek to represent Aggrieved Employees during the period from one year prior to the filing of the Complaint to the date of the filing of a motion for summary adjudication of the claims or trial of this case.

38.   The number of Aggrieved Employees is presently unknown yet believed to be in excess of 100 persons.

39.   Despite the numerosity of the Aggrieved Employees, membership within the group is readily ascertainable through an examination of the records which the Defendants are required by law to keep and which they have kept.  Likewise, the dollar amounts owed to Plaintiffs and to each Aggrieved Employee is readily ascertainable by an examination of the same records.

40.   At all relevant times mentioned herein, section 558 of the California Labor Code provided:

Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

1  underpaid wages.  (3) Wages recovered pursuant to this section shall be paid

2  to the affected employee.

3  Cal. Lab. Code § 558.  Defendants are the joint employers or other persons acting on

4  behalf of an employer who violated, or caused to be violated the relevant sections of the

5  California Labor Code referenced herein.  To date, Defendants have failed to compensate

6  Plaintiffs and on information and belief, Aggrieved Employees, for all hours worked for

7  it.

8  41.    At all relevant times mentioned herein, section 558.1 of the California Labor

9  Code provided:

10  (a) Any employer or other person acting on behalf of an employer, who

11  violates, or causes to be violated, any provision regulating minimum wages

12  or hours and days of work in any order of the Industrial Welfare

13  Commission, or violates, or causes to be violated, Sections 203, 226, 226.7,

14  1193.6, 1194, or 2802, may be held liable as the employer for such violation.

15  (b) For purposes of this section, the term "other person acting on behalf of

16  an employer" is limited to a natural person who is an owner, director,

17  officer, or managing agent of the employer, and the term "managing agent"

18  has the same meaning as in subdivision (b) of Section 3294 of the Civil

19  Code.

20  (c) Nothing in this section shall be construed to limit the definition of

21  employer under existing law.

22  Cal. Lab. Code § 558.1.  Defendants are the joint employers or other persons acting on

23  behalf of an employer who violated, or caused to be violated the relevant sections of the

24  California Labor Code referenced herein.

25  42.    Plaintiffs contend that the failure of Defendants to make payments within the

26  time provided for in California Labor Code section 201.5 has been and is "willful" within

27  the meaning of such word as used in section 203 of the California Labor Code and that,

28  accordingly, each Aggrieved Employee who was not timely paid their wages in full is

entitled to the civil penalties for which provision is made in section 210 of the Code on account of the violations of section 204.

43.    Aggrieved Employees were not timely paid the minimum and/or overtime wages to which they were entitled in violation of California Labor Code §§ 510 and 1194. Both late payment and nonpayment of minimum wages for all hours worked violates the minimum wage statute. Defendants are subject to the civil penalties for which provision is made in California Labor Code § 558 by failing to pay each Aggrieved Employee their minimum and/or overtime wages.

44.    At all relevant times mentioned herein, section 226 of the California Labor Code provided:

 (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during

the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.  Defendants employed Plaintiffs and Aggrieved Employees, but, in all cases, failed to provide them with the data required by section 226(a) of the California Labor Code.  For example, the wage statement fails to provide the "legal name" of the employer, and indicates that deductions were made on behalf of the State of New York rather than the State of California.  All of the foregoing was intentional misconduct of Defendants that injured Plaintiffs and Aggrieved Employees insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

45.    Plaintiffs contend Defendants are subject to civil penalties for which provision is made in Labor Code § 2699(f)(2) for its failure to provide Plaintiffs and Aggrieved Employees with proper itemized wage statements, all in violation of Labor

Code §226(a).

46.     The identity of the Aggrieved Employees is readily ascertainable through an examination of the records which the Defendants are required by law to keep and which it has kept.  Likewise, the civil penalties owed to the State of California, Plaintiff, and to each Aggrieved Employee is readily ascertainable by an examination of the same records. Plaintiffs seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required.

## FIRST CAUSE OF ACTION
Continuing Wages, California Labor Code §§ 201.5, 203
(On Behalf of Plaintiffs and the Class Against All Defendants)

47.     Plaintiffs reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

48.     Defendants employed Plaintiffs and Class Members. Plaintiffs and Class Members were not timely paid for their work.

49.     Defendants' failure to compensate Plaintiffs and Class Members within the time provided for in section 201.5 of the California Labor Code, despite its knowledge of their obligation to do so, was "willful" as the word is used in section 203.

50.     Pursuant to section 201.5, 203, 558, and 558.1, of the California Labor code, Plaintiffs are entitled to not less than $15,000 or an award according to proof, and Class Members are entitled to continuing wages from Defendants in an amount according to proof, a total of not less than $300,000.  Plaintiffs are also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the California Labor Code.

## SECOND CAUSE OF ACTION
Failure to Provide Information on Pay Stubs, California Labor Code § 226
(On Behalf of Plaintiffs and the Class Against All Defendants)

51.     Plaintiffs reallege and incorporate  herein by reference the allegations contained in this Complaint as though fully set forth herein.

52.     Defendants failed to provide Plaintiffs and Class Members with a wage

statement conforming to the requirements of section 226(a) of the California Labor Code. For example, Defendants never provided Plaintiffs with a proper wage statement identifying the information as required by sections 226(a) of the California Labor Code.

53.    The failure of Defendants to provide proper wage statements violates section 226(a) of the California Labor Code insofar as Plaintiffs have not received data that accurately sets forth the required information delineated in section 226(a) with respect to the applicable pay period or the "the name and address of the legal entity that is the employer."

54.    Under Labor Code sections 558 and 558.1, Defendants employed Plaintiffs and other employees, but, in all cases, failed to provide them with the data required by section 226(a) of the California Labor Code.  Defendant Left Right failed to provide wage statements to Plaintiffs and Class Members.  All of the foregoing was intentional misconduct of Defendants that injured Plaintiffs and Class Members insofar as they were deprived of information to which they were legally entitled.

55.    Accordingly, Plaintiffs and Class Members are entitled to damages in the amount of at least $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, or damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226(e).

## THIRD CAUSE OF ACTION
Damages for Unpaid Minimum Wages and Overtime Compensation,
California Labor Code §§ 510 and 1194
(On Behalf of Plaintiffs and Class Against All Defendants)

56.    Plaintiffs reallege and incorporate herein by reference the allegations contained in this First Amended Complaint as though fully set forth herein.

57.    During Plaintiffs' employment with Defendants, on information and belief, Plaintiffs and the other members of the Class worked many hours without full, timely compensation for work they performed, as required by law.  Defendants failed to timely pay Plaintiffs and the other members of the Class their minimum wages and overtime

1   wages as required by sections 510 and 1194 of the California Labor Code.  Biggs v.

2   Wilson, 1 F.3d 1537, 1544 (9th Cir. 1993).

3          58.    Plaintiffs and members of the Class are entitled to recover liquidated

4   damages under section 1194.2 of the California Labor Code in an amount according to

5   proof.  Plaintiffs and members of the Class are also entitled to recover costs and

6   reasonable attorneys' fees under section 1194 of the California Labor Code.

7
                            **FOURTH CAUSE OF ACTION**
8                          California Labor Code § 2698 et seq.
                                     Civil Penalties
9   (On Behalf of Plaintiffs individually, the California Labor & Workforce Development
10          Agency and All Aggrieved Employees, Against All Defendants)

11         59.    Plaintiffs reallege and incorporate herein by reference the allegations

12  contained in this Complaint as though fully set forth herein.

13         60.    Pursuant to section 2699.3(a)(1) of the Labor Code, on October 26, 2017,

14  Plaintiffs submitted their PAGA Claim Notice online to the California Labor and

15  Workforce Development Agency ("LWDA") and notified the LWDA of the specific

16  provisions of the Labor Code alleged to have been violated by Defendants, including the

17  theories set forth in the Complaint.  Also on that day, Plaintiffs gave written notice by

18  certified mail to Defendants' Registered Agent for Service of Process of the specific

19  provisions of the Labor Code alleged to have been violated by Defendants.  Attached as

20  **Exhibit 3** is a true and correct copy of Plaintiffs' October 26, 2017 letter to the LWDA

21  requesting civil penalties and certified mail receipts.

22         61.    At all relevant times, California Labor Code section 2699.3(a)(2)(A)

23  provided:

24         The agency shall notify the employer and the aggrieved employee or

25         representative by certified mail that it does not intend to investigate the

26         alleged violation within 60 calendar days of the postmark date of the notice

27         received pursuant to Paragraph (1). Upon receipt of that notice or if no

28         notice is provided within 65 calendar days of the postmark date of the notice

1    given pursuant to Paragraph (1), the aggrieved employee may commence a

2    civil action pursuant to Section 2699.

3    Cal. Lab. Code § 2699.3(a)(2)(A).  When Sixty Five (65) calendar days of the October

4    26, 2017 postmark date of the notice sent by Plantiffs have passed Plaintiffs may

5    "commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

6    62.    Plaintiffs contend that sections 201, 201.5, 202, 203, 204, 210, 226, 510,

7    558, 558.1, 1194, 1197.1, and 2699 of the Labor Code enables them to recover civil

8    penalties under PAGA, as well as attorney's fees and costs, from Defendants, through a

9    civil action on behalf of themselves and other Aggrieved Employees.

10    63.    Plaintiffs seek to recover the PAGA civil penalties through a representative

11    action permitted by PAGA and the California Supreme Court in <u>Arias v. Superior Court</u>,

12    46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required.

13    64.    Plaintiffs seek civil penalties pursuant to PAGA for violations of the

14    following Labor Code provisions:

15        a.    Section 203 of the California Labor Code, Continuing Wages

16        b.    Section 204 of the California Labor Code, Timely Wages

17        c.    Section 226(a) of the California Labor Code, Failure to Provide Accurate

18            Wage Statements.

19        d.    Sections 510 and 1194 of the California Labor Code, Failure to Pay

20            Overtime and Minimum Wage

21    65.    With respect to violations of Labor Code § 201.5, Plaintiffs contend that the

22    failure of Defendants to make payments within the time provided for has been and is

23    "willful" within the meaning of such word as used in Section 203 of the California Labor

24    Code and that, accordingly, each Aggrieved Employee who was not timely paid his or her

25    final wages is entitled to civil penalties for which provision is made in Section 210 of the

26    Labor Code on account of violations of section 204.

27    66.    With respect to violations of Labor Code §§ 510 and 512, Labor Code §558

28    imposes a civil penalty in addition to any other penalty provided by law of fifty dollars

($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

67.    With respect to violations of Labor Code §226(a), Labor Code 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred and fifty dollars ($250) per Aggrieved Employee for the first violation, and one thousand dollars ($1,000) per Aggrieved Employee for each subsequent violation of Labor Code §226(a).

68.    Labor Code §2699 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per Aggrieved Employee for initial violations, and two hundred dollars ($200) per pay period, per Aggrieved Employee for subsequent vioaltions for all Labor Code provisions for which a civil penalty is not specifically provided.

## FIFTH CAUSE OF ACTION
(Fair Labor Standards Act On Behalf of Plaintiffs and Aggrieved Employees Against All Defendants)

69.    Plaintiffs reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

70.    Plaintiffs are informed and believes, and on that basis allege, that Defendants are employers engaged in an enterprise in interstate commence pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

71.    Plaintiffs were not timely paid his wages.  Plaintiffs and Aggrieved Employees worked many hours each day during their employment with Defendants as herein alleged. Attached as **Exhibit 4** is a true and correct copy of Plaintitffs' FLSA Opt-In forms.

72.    Defendants failed to compensate Plaintiffs as required by the FLSA.

73.    Defendants' violations were willful and intentional.

74.     Plaintiffs are entitled to damages for unpaid wages and/or the associated liquidated damages in an amount to be proven at trial.

75.     Plaintiffs  bring this claim on a collective-action basis pursuant to the FLSA. The FLSA permits an employee to bring an action for unpaid wages on "behalf of himself . . . and other employees similarly situated," so long as all similarly situated employees "give[] [their] consent in writing to become . . . a party."  29 U.S.C. § 216(b). Pursuant to the FLSA, Plaintiffs seek to represent a Collective Action defined as:

> Persons who provided services for Left Right in California during the period of time commencing three years prior to the filing of the Complaint to the date on which a Motion for Certification of a Collective Action is granted (the "Production Crew").

76.     On information and belief, none of the Production Crew were timely paid all wages as required by sections 201.5, 203 or 204 of the California Labor Code.

77.     Under the FLSA, Plaintiffs are entitled to recover from Defendants their liquidated damages for hours worked of no less than $1,000, as well as costs and attorney's fees.

### SIXTH CAUSE OF ACTION
(Bus. And Prof. Code Section 17200 -- On Behalf of Plaintiffs and Aggrieved Employees Against All Defendants)

78.     Plaintiffs reallege and incorporate herein by reference the allegations contained in this Complaint as though fully set forth herein.

79.     Defendants' misconduct as hereinbefore alleged violates section 17200 of the California Business and Professions Code insofar as the misconduct constitutes illegal and/or unfair practices.

80.     Beginning at an exact date unknown to Plaintiffs, Defendants have committed acts of unlawful, unfair, and/or fraudulent business practices as defined in California Business and Professions Code section 17200 *et seq.* by failing to pay its quitting and discharged employees in accordance with sections 201, 202, 203, 204, 510,

and 1194 of the Labor Code, sections 201 *et seq.* of the FLSA, and by providing pay-stubs that do not provide all of the data required by section 226(a) of the Labor Code.

81.     Plaintiffs are suing both in their individual capacities and on behalf of the general public, and they are proper representative plaintiffs because they have suffered direct harm from the illegal business practices herein alleged.

82.     Under section 17200 *et seq.*, this Court is authorized to enter such judgment or order as may be necessary to restore to any person in interest the money or property acquired by Wal-Mart through its unlawful and unfair business practices.  Cal. Bus. & Prof. Code § 17203.

83.     The identity of the persons to whom restitution should be made is a matter that can be ascertained from those records that Defendants are required by law to keep and maintain and that Defendants have kept and maintained.

84.     Pursuant to section 17205, the remedies and penalties provided by section 17200 *et seq.* are cumulative to the remedies and penalties available under all other laws of this state.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray judgment as follows:

1.     Certification of Plaintiffs' claims as a class action, pursuant to Code of Civil Procedure section 382, on behalf of the proposed class.

2.     That, under the First Cause of Action, it be adjudged that the failure of Defendant Left Right to make timely payment of Plaintiffs' wages was in violation of section 201.5 of the California Labor Code, and was "willful" as that word is used in section 203 of the California Labor Code, and that the Court enter judgment against Defendants in favor of Plaintiffs and others in an amount not less than $315,000 or according to proof and that Plaintiffs be awarded his costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 218.5.

3.     That, under the Second Cause of Action, the Court enter judgment in favor of Plaintiffs and Class Members and against Defendants.  That judgment be entered in

favor of Plaintiffs in an amount according to proof, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 226(e).

4. That, under the Third Cause of Action, the Court enter judgment in favor of Plaintiffs and Class Members against Defendants. That judgment be entered in favor of Plaintiffs in an amount according to proof, and costs and reasonable attorneys' fees in accordance with the provisions of the California Labor Code sections 510 and 1194.

5. That, with respect to the Fourth Cause of Action that this Court award Plaintiffs, The State of California, and other former and current Aggrieved Employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to section 201.5, 203, 226, 510, 558, 558.1, and 2699 of the Labor Code.

6. That, with respect to the Fifth Cause of Action that this Court certify a Collective Action and enter judgment in favor of Plaintiffs and Aggrieved Employees and against Defendants. That judgment be entered in favor of Plaintiffs of an amount of not less than $1000 or in an amount according to proof and Aggrieved Employees in an amount according to proof.

7. That, with respect to the Sixth Cause of Action that this Court certify a Class Action and enter judgment in favor of Plaintiffs and the Class the failure of Defendants to make payments of wages in accordance with sections 201, 202, 203, 226, 510, and 1194 of the Labor Code and sections 201 *et seq.* of the FLSA, of the Labor Code violated section 17200 *et seq.* of the Business and Professions Code. Accordingly, Plaintiffs request that the Court order Defendants to pay restitution to Members of the Class in the form of the wages and continuing wages unlawfully retained by Defendant, with interest. Finally, Plaintiffs requests that the Court award their reasonable attorney's fees and costs incurred in the prosecution of this action pursuant to section 1021.5 of the Code of Civil Procedure

8. For such further relief as the Court may order, including attorney's fees, costs, and interest pursuant to Labor Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5.

1    9.    For such other and further relief as this Court may deem fit and proper.

2    Plaintiffs demand trial by jury as to all causes of action.

3

4    DATED:    January 19, 2018              HARRIS & RUBLE

5                                           /s/ Alan Harris
6                                           Alan Harris
                                            *Attorneys for Plaintiffs*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Index of Exhibits**

3

**Exhibit 1**  is a true and correct copy of Plaintiff Ednie's wage statement.

4

**Exhibit 2**  is a true and correct copy of Plaintiff Flores's wage statement.

5

**Exhibit 3**  is a true and correct copy of the PAGA Notice Letter sent to the Labor and

6

Workforce Development Agency and envelopes showing Notice sent to Defendants via

7

certified receipt.

8

**Exhibit 4** is a true and correct copy of Plaintiffs' FLSA Opt-In Form.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28